1
2
3

TIMOTHY A. CANNING  CSB No. 148336
Law Offices of Timothy A. Canning
1125 16th St., Suite 204
PO Box 4201
Arcata, CA 95518

4
5

Telephone:  (707) 822-1620
Facsimile: (707) 760-3523
Email: tc@tclaws.com

6

Attorney for Plaintiff RICHARD SACKS

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12
13
14
15

RICHARD SACKS, individually and doing
business as INVESTORS RECOVERY
SERVICE,
                          Plaintiff,

vs

16
17

DEAN DIETRICH, TERI COSTER BOESCH
and DOES 1 through  50, inclusive

18

                          Defendants.

19
_____/

|
|
|
|
|
|
|
|
|
|
|
|
|

Case No.  C 10-01330 SI

PLAINTIFF'S OPPOSITION TO
DEFENDANTS'  MOTION TO
DISMISS

Date: June 18, 2010
Time: 9:00 am
Judge:  Hon. Susan Illston

20
21
22
23
24
25
26
27
28

i

1
2                                    TABLE OF CONTENTS
3

4     TABLE OF AUTHORITIES ................................................................ iii
5
      INTRODUCTION & SUMMARY OF ARGUMENT ......................................... 1
6
7     SUMMARY OF FACTS ALLEGED & PROCEDURAL HISTORY ................... 1
8     ARGUMENT ................................................................................. 4
9
10    I       BECAUSE FEDERAL SUBJECT MATTER JURISDICTION IS
              COMPLETELY LACKING HERE, THIS CASE SHOULD BE
11            REMANDED TO THE CALIFORNIA SUPERIOR COURT ................... 4
12            A.     Plaintiff's Complaint Alleges Only State Law Claims................ 5
13
              B.     Case Law Supports The Conclusion That
14                   Subject Matter Jurisdiction is Lacking Here.......................... 6
15
16    II      BECAUSE ARBITRAL IMMUNITY DOES NOT BAR PLAINTIFF'S
              CLAIMS, DEFENDANTS' RULE 12(b)(6) MOTION
17            SHOULD BE DENIED ............................................................... 12
18            A.     Arbitral Immunity Applies Only When Arbitrators Act
19                   Within Their Jurisdiction ................................................. 12
20            B.     Defendant Arbitrators Acted In Excess of Their Jurisdiction And
                     Hence Are Not Immune From This Claim ..................................... 13
21
22
      CONCLUSION ................................................................................ 16
23
24
25
26
27
28
                                              ii

1

**TABLE OF AUTHORITIES**

2

3

**Cases**                                                                 **Page**

4

*Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676 (9th Cir.2006)……………...     4

5

*Austern v Chicago Board of Options Exchange, Inc.* 898 F.2d 882 (2nd Cir. 1990).     12

6

*Baar v Tigerman*, 140 Cal. App.3d 979, 189 Cal. Rptr. 834 (1983)……..………..     12

7

*Benasra v. Mitchell Silberg,* 96 Cal.App.4th 96  (2002)……………………………     15

8

*Bidermann Indus. Licensing Inc. v. Avmar NV,* 570 N.Y.S.2d 33 (1991) …………     15

9

*California Faculty Assn. v. Superior Court (Board of Trustees)*
          63 Cal.App.4th 935 (Cal. App. 1998)…………………………………………..     14

10

11

*Comedy Club, Inc. v Improv West Associates* 553 F.3d 1277 (9th Cir. 2009)……….     5

12

*Cort v. American Arbitration Ass'n* 795 F.Supp. 970  (N.D.Cal. 1992)……………     13

13

*Duncan v. Stuetzle,* 76 F.3d 1480 (9th Cir. 1996) …………………………………….     4

14

15

*Garrett v Merrill Lynch, Pierce, Fenner & Smith* 7 F.3d 882 (9th Cir. 1993)……….     10

16

*Hall Street Associates v Mattel,* 552 U.S. 576, 128 S.Ct. 1396 (2008) ……………..     10

17

*Larry v. Penn Truck Aids, Inc.* 94 F.R.D. 708  (E.D.Pa. 1982)…………………….     13

18

19

*Lippitt v Raymond James Financial Serv.*, 340 F.3d 1033 (9th Cir. 2003) …………     6, 8

20

*Matter of Arbitration between R3 Aerospace, Inc. and Marshall of Cambridge,*
          927 F.Supp. 121 (S.D.N.Y. 1996)…………………………………………..     15

21

22

*Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542 (1987)………..…     4

23

*New England Cleaning v. American Arbitration Ass'n*
          199 F.3d 542 (1st Cir. 1999)…………………………………………………     13

24

25

*Pacific Gas & Electric v Bear Stearns & Co,.*
          50 Cal.3d 1118, 270 Cal.Rptr. 1 (1990) ………………………………….     5

26

27

*Petrie v. Pacific Stock Exch., Inc.,* 982 F.Supp. 1390 (N.D.Cal.1997)………………..     4, 6, 7

28

iii

1

**TABLE OF AUTHORITIES (con't)**

**Cases (con't)**                                                              **Page**

*PMC v Saban Entertainment*, 45 Cal.App.4th 579,  52 Cal.Rptr. 2d 877 (1996)  ……..    6

*Rains v. Criterion Syst.* 80 F.3d 339 *(9th Cir. 1996)*………………………………………    10, 11

*Roskind v Morgan Stanley Dean Witter & Co.*
            165 F.Supp.2d 1059 (N.D.Cal. 2001)…………………………………    6, 8

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868 (1941)…………….    4

*Sparta Surgical Corp. v National Ass'n of Securities Dealers, Inc,.*
            159 F.3d 1209 (9th Cir. 1998)……………………………………..…    6, 7, 9

*Utley v Varian Associates, Inc.* 811 F.2d 1279 (9th Cir. 1987)………………………...    10

*Wasyl v First Boston Corp*, 813 F.2d 1579 (9th Cir. 1987)…………………………….    13

*Youst v Longo*, 43 Cal.3d 64, 233 Cal.Rptr. 294 (1987)………………………………..    6

**Statutes**

United States Codes
            Title 28 U.S.C. §1441 ……………………………………….…………    4
            Title 9, U.S.C. § 10…………………………………………………...    13

California Codes
            Code of Civil Procedure §1281.4………………………………….....    1
            Code of Civil Procedure §1285…………………………………………    13

**Other Authorities**
            79 Ops.Cal.Atty.Gen. 294 (1996)………………………………………    12
            ABA's Canon of Ethics for Commercial Arbitrators,
                        Canon IV, paragraph C………………………………………….    15

iv

**INTRODUCTION & SUMMARY OF ARGUMENT**

Plaintiff Richard Sacks seeks monetary damages under California tort law from two private individuals who were acting as arbitrators in a contractual arbitration proceeding, to which plaintiff was not a party. Plaintiff alleges that those individuals exceeded their contractual authority and jurisdiction as arbitrators when they barred plaintiff Sacks from representing his client in that contractual arbitration proceeding, which was pending before the dispute resolution division of FINRA (formerly known as the NASD).

After removing this action from state court, defendants moved for dismissal on the grounds that there is no subject matter jurisdiction in the federal courts, under rule 12(b)(1). Plaintiff agrees -- federal question subject matter jurisdiction is completely lacking here. This action should therefore be remanded to California Superior Court. The balance of defendants' motion to dismiss should be denied as moot.

However, even if this Court had subject matter jurisdiction, the defendants' rule 12(b)(6) motion should be denied because the doctrine of arbitral immunity does not insulate defendants from liability, on the facts alleged here.

**STATEMENT OF FACTS ALLEGED & PROCEDURAL HISTORY**

Plaintiff Richard Sacks is a non-attorney advocate who has been representing parties in contractual arbitration for nearly 20 years. Complaint, p.8, ¶30. Under California law, a party to a contractual arbitration can be represented by someone who is not an attorney. Cal. Code of Civil Procedure § 1281.4(i)(3).

One of the organizations that administer contractual arbitration proceedings is FINRA (formerly known as the National Association of Securities Dealers, Inc., or NASD). Much like the AAA or JAMS, FINRA has adopted a set of rules under which its contractual arbitrations are administered. Also like AAA or JAMS, FINRA does not employ arbitrators but has developed a pool of arbitrators from which individual arbitrators are selected or appointed to hear and decide a particular dispute.

1

Approximately three years ago, FINRA adopted a rule which purported to ban non-attorney advocates from representing parties in contractual arbitrations at FINRA, where those non-attorneys had been barred from the securities industry by the SEC or other securities regulator (the "representation rule").   Richard Sacks, plaintiff in this action, had been barred from the securities industry in 1991.

In 2009, plaintiff Sacks had been hired by a former employee of a FINRA member firm, to represent that former employee in a contractual arbitration proceeding against his former employer.   That contractual arbitration proceeding  was to be administered by FINRA. Plaintiff Sacks was not a party to the arbitration agreement between the FINRA member firm and the former employee,  nor did plaintiff Sacks execute any type of submission agreement by which he agreed to be bound by any decision in the arbitration. Complaint, p. 4, ¶14.

The two defendants in this action were selected as arbitrators to hear and decide the former employee's claims.   The two arbitrators are not employed by FINRA or the SEC.   In February, 2010,  the two arbitrator defendants entered an order in the contractual arbitration proceeding, purporting to bar Mr. Sacks from representing his client (the former employee). Complaint, p.6, ¶20.

After the arbitrators rendered their order, Mr. Sacks filed this suit against them in California Superior Court, asserting four causes of action, each arising under state law:  (1) intentional interference with contract; (2) negligent interference with contract; (3) intentional interference with prospective economic advantage;  and (4) negligent interference with prospective economic advantage.

Plaintiff  Sacks alleges that the arbitrators exceeded their contractual authority by barring him from representing his client, and as a result wrongfully interfered with contract with his client under state law, to his detriment.  No cause of action arising under a federal statute is alleged in the complaint.

Defendants then removed this action to this Court..  The sole ground claimed by defendants for subject matter jurisdiction in this Court is federal question

1    jurisdiction.

2            Defendants also filed a Notice of Related Case, claiming  that a case filed

3    by plaintiff in 2007  against the Securities Exchange Commission   (Richard L. Sacks v

4    Securities Exchange Commission,  U.S. Court of Appeals for the Ninth Circuit case no.

5    07-74647) is related to this action.

6            In the Ninth Circuit action against the SEC,  Mr. Sacks challenged the

7    SEC's approval of the "representation rule"  primarily on the grounds that the approval

8    was contrary to the requirements of 15 U.S.C. section 78y(b)(4).  Original jurisdiction of

9    the petition was vested in the U.S. Court of Appeals pursuant to 15 U.S.C. section

10   78y(b).  The only respondent in the Ninth Circuit petition is the SEC.

11           After defendants filed their Notice of Related Case in this matter, plaintiff

12   Sacks submitted an opposition to that Notice, asserting that the two cases (i.e., this case

13   and the Ninth Circuit case) are in fact unrelated.  Plaintiff asserted that  these  two actions

14   do not involve all or a material part of the same subject matter,  and do not involve all or

15   substantially all of the same parties, contrary to the requirements of Local Rule 3-13.  In

16   particular:   (1) the parties are different; (2) each action requests different relief; (3) each

17   action asserts different legal theories;  and (4) subject matter jurisdiction –

18   unquestionably present in the SEC action -- is completely lacking in this matter.

19           In addition to filing a Notice of Related Case,   defendants  also moved to

20   dismiss plaintiff's complaint,  on two grounds:   (1) under Rule 12(b)(1), the court lacks

21   subject matter jurisdiction;  and (2) under Rule 12(b)(6),  the doctrine of arbitrator

22   immunity bars this suit.

23           Plaintiff agrees with defendants that this Court lacks subject matter

24   jurisdiction (though for reasons different than those asserted by defendants).  Under 28

25   U.S.C.  §1447(c), the proper remedy for lack of subject matter jurisdiction  in this

26   removed action is remand back to state court.  Even if there was subject matter

27   jurisdiction, however, defendants rule 12(b)(6) motion should also be denied.

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS                    NO. C 10-01330 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARGUMENT**

**I**

**BECAUSE FEDERAL SUBJECT MATTER JURISDICTION IS COMPLETELY LACKING HERE, THIS CASE SHOULD BE REMANDED TO THE CALIFORNIA SUPERIOR COURT**

A state court action is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a).  Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts strictly construe the removal statute against removal jurisdiction. *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868 (1941)); see also *Petrie v. Pacific Stock Exch., Inc.,* 982 F.Supp. 1390, 1393 (N.D.Cal.1997) ("[T]he court must reject federal jurisdiction if there is any doubt as to whether removal was proper."). Defendants here, as the parties who removed the action from state court, bear the burden of proving the propriety of removal jurisdiction. *Duncan,* 76 F.3d at 1485;  *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 683-85 (9th Cir.2006).   A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542 (1987).

Here, there is no federal statute that confers subject matter jurisdiction in the federal courts over plaintiff's claims, nor is there any substantial federal question involved in this action.   Instead, this matter involves the application of California state law on tort liability for interference with contract and interference with  prospective economic relations. Hence, this matter should be remanded.

///

///

///

///

4

**A.  Plaintiff's Complaint Alleges Only State Law Claims**

By this action, plaintiff Sacks seeks damages from the individual arbitrators pursuant to state law tort theories, on the grounds that the arbitrators exceeded their contractual authority and jurisdiction, and by doing so interfered with Mr. Sacks' contract with his client.  In contractual arbitration, the arbitrators' authority and jurisdiction is derived from the arbitration agreement;  and arbitration agreements are interpreted in accordance with state law.   *Comedy Club, Inc. v Improv West Associates* 553 F.3d 1277, 1288 (9th Cir. 2009).

In his complaint, plaintiff asserts four related claims against the defendant arbitrators, but each claim arises solely under state law.

The first claim plaintiff alleges is that of intentional interference with contractual relations. To prevail, plaintiff Sacks will need to prove the following six elements:

1.   A contract existed between plaintiff and a third party;

2.   That the defendant arbitrators knew of that contract;

3.   The defendant arbitrators intended to disrupt the performance of that contract;

4.   The defendant arbitrators conduct prevented performance or made performance more difficult;

5.   Plaintiff Sacks was harmed; and

6.   The defendant arbitrators' conduct was a substantial factor in causing plaintiff Sack's harm.

See *Pacific Gas & Electric v Bear Stearns & Co,.* 50 Cal.3d 1118, 1126, 270 Cal.Rptr. 1 (1990)

Similarly, for intentional interference with prospective economic  relations plaintiff Sacks will need to prove that:

1.   Plaintiff and a third party were in an economic relationship that probably would have resulted in an economic benefit to plaintiff;

2.      Defendant arbitrators knew of the relationship;

3.      Defendant arbitrators intended to disrupt the relationship;

4.      Defendant arbitrators engaged in wrongful conduct;

5.      The relationship was disrupted;

6.      Plaintiff was harmed; and

7.      Defendant arbitrators' wrongful conduct was a substantial factor in causing plaintiff's harm.

See generally, *Youst v Longo*, 43 Cal.3d 64, 71, 233 Cal.Rptr. 294 (1987)

Plaintiff also asserts claims for negligent interference, which requires proof that the defendant arbitrators failed to act with reasonable care, in place of the requirement of intent  to disrupt or induce a breach.  See *PMC v Saban Entertainment*, 45 Cal.App.4th 579, 603,  52 Cal.Rptr. 2d 877 (1996)

The element of "improper means" may include violations of federal or state law or unethical business practices.   *PMC* at 603.  However, none of the four causes of action alleged here **require** a violation of federal law or FINRA rules in order to establish the claim.

## B.  Case Law Supports The Conclusion That Subject Matter Jurisdiction is Lacking Here

The claims asserted by plaintiff do not involve a significant question of federal law, and as a result subject matter jurisdiction here is lacking.  *Petrie v Pacific Stock Exchange,* 982 F.Supp. 1390, 1393 (N.D. Cal. 1997); see also *Lippitt v Raymond James Financial Serv.*, 340 F.3d 1033 (9th Cir. 2003) and *Roskind v Morgan Stanley Dean Witter & Co.*, 165 F.Supp.2d 1059 (N.D.Cal. 2001);  *cf Sparta Surgical Corp. v National Ass'n of Securities Dealers, Inc.,* 159 F.3d 1209 (9th Cir. 1998).

In *Petrie*, the plaintiff filed suit against the Pacific Stock Exchange.  At the time, the Pacific Stock Exchange was an entity operating under the Securities Exchange Act and pursuant to rules approved by the SEC.   Plaintiffs had filed suit in

6

state court against the Exchange, seeking specific performance of a contract between plaintiffs and the Exchange to provide arbitration services.   The Exchange removed the state court action to federal court, and then moved to dismiss on grounds similar to those asserted by defendants here.

The *Petrie* court concluded that there was no federal subject matter jurisdiction over the complaint, and remanded the matter back to state court.    The court reached its conclusion on two primary grounds.  First, the court concluded that:

> [T]he interpretation and investigation of the Exchange's rules does
> not confer federal question jurisdiction over the Petries' claims even
> though those rules were promulgated under the [Securities
> Exchange] Act's authority.

*Id.*, 982 F.Supp. at 1395.

The court then rejected the Exchange's attempt to base subject matter jurisdiction on the Exchange Act, while at the same time seeking dismissal pursuant to the Exchange Act:

> The Exchange would like to have it two ways: they would first like
> to secure federal question jurisdiction through the Act, and then they
> would like to dismiss this action based on the fact that the Petries
> have no private right of action for violations of the Exchange's rules.
>  … Since the Petries' complaint could not originally have been
> brought in the federal courts, the court cannot exercise removal
> jurisdiction over this action.

*Id.* at 1396.

The court remanded the action, finding there was no federal question jurisdiction over what was a claim arising under state law.

In contrast, in *Sparta Surgical Corp. v National Ass'n of Securities Dealers, Inc,*. 159 F.3d 1209 (9th Cir. 1998), the court there held that a substantial federal question was presented, but on facts significantly different from those presented here (and significantly different than those in *Petrie, Lippitt* and *Roskind* as well).   In *Sparta,* a publicly traded company (Sparta) filed an action against the NASD (FINRA's

7

predecessor)  seeking damages for the NASD's alleged violation of its own rules in delisting and temporarily suspending trading in the plaintiff's stock.

Because the NASD was an stock exchange operating  under federal law, and since  the SEC specifically granted the NASD the power  to regulate the securities markets, including listing stocks on the exchange and suspending trading where appropriate, the *Sparta* court concluded that there was federal question jurisdiction over the claims plaintiff asserted against the NASD.

The *Sparta* decision was distinguished in a subsequent Ninth Circuit case, *Lippitt v  Raymond James Financial Services*, 340 F.3d 1033 (9th Cir. 2003),  as well as a district court case, *Roskind v Morgan Stanley*, 165 F.Supp.2d 1059 (N.D. Cal. 2001).

In *Lippitt*, 340 F.3d 1033, the plaintiff brought a claim in state court under California's Unfair Competition Law against NASD member firms for false advertising of  a "callable certificate of deposit."  After defendants removed to federal court, the Ninth Circuit held that subject matter jurisdiction was lacking.

In distinguishing *Sparta,* the *Lippitt* court concluded that the Exchange Act did not create exclusive jurisdiction over Lippitt's cause of action because the court could not say that there was "no such thing" as a state law claim of false advertising – whereas in *Sparta*, there was "no such thing" as a state law action for delisting a stock.  *Lippitt.* 340 F.3d at 1043.  According to the court, federal jurisdiction existed in *Sparta* because "the plaintiff attempted to build his edifice of state law claims upon a foundation comprised of NASD rules and regulations."  *Lippitt* at 1044.

Similarly, in *Roskind v Morgan Stanley*,  165 F.Supp.2d 1059, the court remanded a case back to state court.  In that matter, the plaintiff had filed a claim in state court against an NASD member firm – but not against the NASD itself --  contending that the member firm breached its fiduciary duties by, among other things, failing to comply with NASD rules.  After the defendant member firm removed the action to federal court, the defendants contended (as defendants do here) that *Sparta* dictated that federal question jurisdiction was present.

8

In rejecting the defendants' contention, the *Roskind* court distinguished *Sparta* on two primary grounds.  First, there was nothing in the Exchange Act that recognized any right of action against a NASD member firm, and therefore the Exchange Act could not be relied upon for subject matter jurisdiction, unlike *Sparta*.  Second, in *Sparta* the plaintiff could prevail **only if** the plaintiff could prove a violation of federal law, whereas in *Roskind*, violation of the NASD rules was just one of nine alleged breaches of fiduciary duties.  *Roskind* at 1066.  The court concluded:

> The Court finds that Defendant is not entitled to removal when the state law claims are not within the Exchange Act's exclusive jurisdiction provision, the violation of NASD rules is not essential to liability under the state claims, and the Exchange Act does not provide a private right of action.

*Id.* at 1067.

As was true in *Roskind* and *Lippett*,  the facts of  plaintiff Sacks' claim are significantly dissimilar to those in *Sparta*.  Unlike the claim in *Sparta*, here  neither FINRA nor any employee of FINRA is a named defendant.  Plaintiff does not seek any kind of relief against FINRA or the SEC, or any defendant regulated by the Exchange Act or the SEC.

Also in contrast to *Sparta,*  plaintiff here does not allege that there was a violation of  the Securities Exchange Act.   In *Sparta*, by way of contrast, the plaintiff specifically alleged such a violation.  The *Sparta* court characterized the plaintiff's claims as being founded on the defendants' conduct in:

> suspending trading and de-listing the [Sparta]  offering, the propriety of which must be exclusively determined by federal law. The viability of any cause of action founded upon NASD's conduct in de-listing a stock or suspending trading depends on whether the association's rules were violated.

*Id.* at 1212.

Here, the arbitrators' liability to Mr. Sacks is not founded upon FINRA's conduct, or FINRA's breach of its own rules, but solely upon the arbitrators' own

9

1  wrongful conduct.  Complaint, p. 7, ¶¶ 21, 22.  As was the case in *Roskind*, here the

2  arbitrators' alleged failure to follow FINRA's arbitration rules is not a predicate for Mr.

3  Sack's state law claim, but instead is nothing more than another piece of evidence of

4  wrongful conduct by the arbitrators.

5      Contrary to the facts of *Sparta*, here plaintiff  Sacks does not claim that

6  FINRA or a FINRA employee breached the Exchange Act or rules thereunder.    Instead,

7  plaintiff alleges on that the arbitrators wrongfully exceeded their authority.

8      Finally,  any right to relief that plaintiff may have here is not "predicated on

9  subject matter committed exclusively to federal court" – a key factor relied on by the

10  court in *Sparta*.  Instead, plaintiff's relief for the wrongful conduct of the arbitrators is

11  firmly grounded in matters committed to the state courts,   as a host of federal opinions

12  involving arbitration reflect.  *See generally*,  *Hall Street Associates v Mattel,* 552 U.S.

13  576, 128 S.Ct. 1396 (2008) (Federal Arbitration Act does not confer subject matter

14  jurisdiction over action involving arbitration);  and *Garrett v Merrill Lynch, Pierce,*

15  *Fenner & Smith* 7 F.3d 882 (9th Cir. 1993)  (allegations of a violation of Securities

16  Exchange Act's prohibition on churning was insufficient to create federal question

17  jurisdiction over petition to vacate an arbitration award).

18      As defendants point out,  plaintiff Sacks does refer to FINRA Code of

19  Arbitration Procedure rules in his complaint.  However, the mere fact that federal law is

20  cited in a complaint does not transform the action into one involving a substantial federal

21  question.  Assuming that FINRA arbitration rules can rise to the level of  "federal law"

22  for the purposes of subject matter jurisdiction, the reference in the complaint to FINRA

23  rules is insufficient to create federal subject matter jurisdiction.  *Rains v. Criterion Syst.*

24  80 F.3d 339, 345 *(9th Cir. 1996);  see also *Utley v Varian Associates, Inc.* 811 F.2d 1279,

25  1283 (9th Cir. 1987) (mere presence of a question as to whether a defendant violated

26  federal law did not raise a substantial federal question on which subject matter

27  jurisdiction could be based.)

28      In *Rains,* 80 F.3d 339,  a defendant removed a state court action based upon

the complaint's reference to Title VII as part of the plaintiff's claims for wrongful termination in violation of public policy and intentional interference with contractual relations. *Id.* at 342.   The Ninth Circuit noted that it was state law, not federal law, that created both causes of action, and that the complaint's direct and indirect references to Title VII "do not make those claims into federal causes of action." *Id.,* 80 F.3d at 344.

The court also held that Rains had not artfully pled the complaint to avoid federal jurisdiction, but rather "he brought a state law claim and cited a federal statute as an alternate basis for establishing one element of his claim. The claim was authorized by state law and no essential federal law was omitted." *Id.*

Finally, the *Rains* court held there was no "substantial federal question" presented by the complaint because Title VII was not a "necessary" element of the plaintiff's claims because the complaint also invoked state law that served the same purpose. *Id.* at 345.

Similarly here, the mere reference in plaintiffs' complaint to FINRA rules does not transform his complaint into one brought under the Securities Exchange Act. Instead, plaintiff's complaint asserts state law causes of action, and does not raise a substantial federal question.

For the forgoing reasons, subject matter jurisdiction is lacking – a conclusion with which defendants also agree, but for different reasons.  This matter should therefore be remanded to the California Superior Court, and the rest of defendants' motion be denied as moot.

///
///
///
///
///
///
///

11

1

2

3

## II

### BECAUSE ARBITRATOR IMMUNITY DOES NOT BAR PLAINTIFF'S CLAIMS, DEFENDANTS RULE 12(b)(6) MOTION SHOULD BE DENIED

4

5

6

7

8

9

10

Defendants also move to dismiss this action on the grounds that the doctrine of arbitral immunity provides "absolute immunity" for any claims against arbitrators. However, the arbitral immunity doctrine is not as broad as defendants contend, and does not insulate arbitrators from liability on the facts as alleged by plaintiff Sacks in this matter. Hence, if this court had subject matter jurisdiction over plaintiff Sacks' state law claims, defendants' motion should still be denied.

11

12

### A. Arbitral Immunity Applies Only When Arbitrators Act Within Their Jurisdiction

13

14

15

The doctrine of arbitrator immunity applies to protect an arbitrator from damage actions by parties to the arbitration, where the arbitrator was acting within his scope of his or her authority or within his jurisdiction.

16

17

> [A]rbitral immunity is essential to protect the decision maker from undue influence and protect the decision making process from reprisals by dissatisfied litigants.

18

19

20

21

22

23

24

25

*Austern v Chicago Board of Options Exchange, Inc.* 898 F.2d 882, 886 (2nd Cir. 1990); see also *Baar v Tigerman*, 140 Cal. App.3d 979, 189 Cal. Rptr. 834 (1983) (overruling demurrer by an arbitration organization to a complaint for breach of contract by a party to the arbitration which alleged that the arbitrator failed to render an award); and 79 Ops.Cal.Atty.Gen. 294, 300 (1996) (opining that arbitrators in contractual arbitration proceedings are liable for their contractual obligations owed to the parties to the arbitration, following the repeal of Cal. Code Civ. Proc. § 1280.1 which had expanded common law arbitral immunity).

26

27

28

Arbitral immunity is not, however, unlimited. It does not apply where there is a clear absence of jurisdiction. See generally *New England Cleaning v.*

1    *American Arbitration Ass'n* 199 F.3d 542, 545 (1st Cir. 1999);  and *Larry v. Penn Truck*

2    *Aids, Inc*. 94 F.R.D. 708, 724  (E.D.Pa. 1982).  The doctrine of arbitral immunity also

3    does not protect an arbitrator when he or she engages in acts that fall outside his or her

4    arbitral capacity.  See *Wasyl v First Boston Corp*, 813 F.2d 1579,1592 (9th Cir.

5    1987)(holding that arbitral immunity protected the arbitrator from damages when it acted

6    within the scope of its duties and had the authority to resolve the dispute), and *Cort v.*

7    *American Arbitration Ass'n*, 795 F.Supp. 970, 972  (N.D.Cal. 1992).

8                One rationale for arbitral immunity is that an aggrieved party to the

9    arbitration has a remedy that does not involve suing the arbitrators for damages – that

10   party can seek to correct or vacate an adverse arbitration award.  Here, however, plaintiff

11   Sacks does not have that avenue available to him.  Because he is not a party to the

12   arbitration agreement, and because he did not sign a submission agreement, plaintiff

13   Sacks would not have standing to challenge the arbitrators' rulings in a petition or motion

14   to vacate any underlying award.  See, e.g., 9 U.S.C. § 10(a)  (limiting motions to vacate

15   to parties to the arbitration);  and Cal. Code Civ. Proc. §1285 (petitions to confirm,

16   correct or vacate an arbitration award are limited to "any party to the arbitration").

17

18   **B.  Defendant Arbitrators Acted In Excess of Their Jurisdiction And
         Hence Are Not Immune From This Claim**

19

20               Arbitral immunity will not protect the arbitrator defendants from plaintiff's

21   damage claim if plaintiff can prove the facts alleged in his complaint in this matter. Those

22   alleged facts establish that the arbitrators acted in excess of their jurisdiction when they

23   ordered Mr. Sacks to cease representing his client.   The arbitrators acted without

24   jurisdiction (and thereby do not have immunity from this claim)  in at least three respects.

25               First, the defendant arbitrators attempted to bind plaintiff to their "order";

26   however, as the complaint alleges, plaintiff is not a party to the arbitration agreement

27   (from which the arbitrators derive their authority).  Mr. Sacks also never executed a

28   submission agreement by which he agreed to be bound by the determination of the

arbitrators.  Complaint, p. 4  ¶¶ 14, 21.   In short, plaintiff here is not a "disgruntled litigant" because he was never a party to the underlying arbitration.

The authority of an arbitrator is governed by the scope of the submission agreement or pre-dispute arbitration agreement.  Arbitrators cannot rule on issues that are beyond the scope of the arbitration agreement or submission agreement. See generally, *California Faculty Assn. v. Superior Court (Board of Trustees)*,  63 Cal.App.4th 935, 953 (Cal. App. 1998), in which the court concluded that the arbitrator there:

> failed to conform to the specific restrictions of the parties' agreement and engaged in a decision making process outside the scope of his authority. In such a case a reviewing court *must* vacate the award on the ground the arbitrator has exceeded his or her powers.

*Id.*

As alleged in plaintiff's complaint, there is nothing in the parties' submission agreement here which submitted issues of representation to the arbitrators to decide. Complaint, p.3, ¶11

Further, FINRA arbitration rules withhold  jurisdiction from the arbitrators to make such determinations, by expressly providing that  issues regarding representation may be "determined by an appropriate court or other regulatory agency."   That rule provides:

> Issues regarding the qualifications of a person to represent a party in arbitration are governed by applicable law and may be determined by an appropriate court or other regulatory agency.  In the absence of a court order, the arbitration proceeding shall not be stayed or otherwise delayed pending the resolution of such issues.

FINRA rule 13208(d)  (Complaint, p.6 , ¶ 20.)

Finally, case law interpreting arbitrators' authority   to rule on issues of representation also compel the conclusion that the defendants did not have the authority to bar plaintiff  from representing his client in the arbitration.  See, e.g., *Bidermann*

14

1   *Indus. Licensing Inc. v. Avmar NV* 570 N.Y.S.2d 33 (1991) (issue of disqualification of

2   party representative cannot be left to determination of arbitrators); *Matter of Arbitration*

3   *between R3 Aerospace, Inc. and Marshall of Cambridge,* 927 F.Supp. 121 (S.D.N.Y.

4   1996) (same); and see generally *Benasra v. Mitchell Silberg,* 96 Cal.App.4th 96, 108

5   (2002) (arbitrator's denial of disqualification motion was of no effect in subsequent

6   litigation); see also ABA's Canon of Ethics for Commercial Arbitrators, Canon IV,

7   paragraph C:

8
9   > The arbitrator should not deny any party the opportunity to be
    > represented by counsel or by any other person chosen by the party.

10  *Id.*

11
12  The doctrine of arbitral immunity serves an important purpose in promoting

13  the use of arbitration to resolve disputes among parties.  However, that doctrine does not

14  insulate arbitrators for all their acts, nor should it.  Instead, the doctrine of arbitral

15  immunity is appropriately applied where arbitrators act within their authority and within

16  their jurisdiction, and where the claim is brought by a party to the arbitration.   When

17  arbitrators exceed their jurisdiction or their authority to the detriment of one who is not a

18  party to the arbitration, those arbitrators should be held responsible for the damages they

19  cause.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Because of the lack of subject matter jurisdiction, this action should be remanded to the California Superior Court for Marin County, and defendants' motion to dismiss should be denied as moot. Even if there was subject matter jurisdiction, however, defendants' motion to dismiss under Rule 12(b)(6) should be denied, as the doctrine of arbitrator immunity does not bar this suit.

Respectfully Submitted,

LAW OFFICES OF TIMOTHY A. CANNING

Dated: May 12, 2010                   By:_____/S/_____.

Timothy A. Canning
Attorney for Plaintiff Richard Sacks

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS                   No. C 10-01330 SI